IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELO ANTHONY BARRETT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL WENEROWICZ, *et al.* | : | NO. 14-4879 |

MEMORANDUM

R<small>ESTREPO</small>, J.                                                                                           S<small>EPTEMBER</small> 2, 2014

    Before the Court is a pro se Petition for Writ of Habeas Corpus filed by Angelo Anthony Barrett pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated at the State Correctional Institution in Graterford, Pennsylvania.  For the reasons which follow, the petition should be transferred to the United States District Court for the Western District of Pennsylvania.

**DISCUSSION**

    Title 28 U.S.C. § 2241(d) provides:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the state court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.  The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district for hearing and determination.

Thus, a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 may be filed in either the district court for the district where the petitioner is in custody or in the district court for

the district in which he was convicted and sentenced.  *See Daniels v. Mahally*, 2014 WL 4187517, *1-2 (M.D. Pa. 2014); *Steele v. Fulcomer*, 1990 WL 6084, *1 (E.D. Pa. Jan. 26, 1990).  However, petitions challenging a conviction preferably are heard in the district of conviction.  *See Daniels*, 2014 WL 4187517, at *2 (citing cases) ("[T]he United States District Courts for Pennsylvania's three federal judicial districts have customarily transferred petitions of this type to the district of conviction for substantive habeas proceedings."); *Steele*, 1990 WL 6084, at *1 (observing long-standing policy of federal courts in Pennsylvania to transfer habeas petitions to the district where petitioner was convicted).

   In this case, petitioner challenges a criminal conviction and sentence of the Court of Common Pleas of Beaver County, *see* Hab. Pet. ¶¶ 1-12, which lies within the venue of the Western District of Pennsylvania, *see* 28 U.S.C. § 118(c).  Accordingly, since Beaver County lies in the Western District of Pennsylvania, this petition should be transferred, in the interest of justice, to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. § 2241(d).  *See In re Nwanze*, 242 F.3d 521, 526 n.2 (3d Cir. 2001) ("[I]t is quite clear that ordinarily a transfer of a [habeas] proceeding relating to the validity of the petitioner's conviction from the district of confinement to the district of sentencing would be in furtherance of the convenience of the parties and witnesses."); *Daniels*, 2014 WL 4187517, at *2; *Steele*, 1990 WL 6084, at *1.

   An appropriate Order follows.